UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY DAGEN,

                Plaintiff,

  -against-                                  1:05-CV-1593
                                                            (LEK/DRH)

MARRIOTT INTERNATIONAL, INC.,
and the MARRIOTT HOTEL SERVICES,
INC., *d/b/a* NEW YORK MARRIOTT
MARQUIS, TIMES SQUARE

                Defendants.

## **MEMORANDUM-DECISION AND ORDER**[1]

Currently before the Court is a Motion for partial summary judgment filed by Defendants Marriott International and Marriott Hotel Services ("Defendants"). Dkt. No. 27.

## **I.  BACKGROUND**

Plaintiff Jeffrey Dagen ("Plaintiff") made reservations and paid for two rooms at the New York Marriott Marquis in Times Square, New York City for the nights of December 31, 2004 and January 1, 2005 for a total cost of approximately $4,000. Complaint at ¶¶ 1, 5 (Dkt. No. 1, Attach. 2). Plaintiff and his four guests checked into the hotel and ordered food and alcoholic beverages from room service at several points during the evening of December 31st. Room service continued delivering the orders until shortly before midnight. Plntf's Aff. in Opp. at ¶ 7 (Dkt. No. 4, Attach. 2). Following a disturbance in or around Plaintiff's rooms involving Plaintiff and his party, Plaintiff and his guests were told to leave the hotel and Plaintiff was escorted out of the hotel by police

---

[1] For printed publication by the Federal Reporters.

1

officers. Complaint at ¶ 8, 15 (Dkt. No. 1, Attach. 2), Marangas Aff. Exh. C at 85:3-6 (Dkt. No. 27, Attach. 5-7). Plaintiff then proceeded to his pickup truck, parked in a parking garage about six or seven blocks away. Marangas Aff. Exh. C at 39:12-18. Plaintiff did not seek alternative lodging for the night. Id. at 91:8-19, 96:9-18 (stating that he did not call any hotels in New York City), 147:20 - 148:10 (stating that he did not call Information to find hotel locations). Plaintiff did not stop to buy coffee, and never considered stopping in a coffee shop or similar establishment to rest. Id. at 86:9-14, 87:18-23. Plaintiff left New York City and drove toward Latham, New York on the Taconic Parkway because he misread the signs to the Thruway, despite having traveled to New York City several times per year over the previous few years, including through the Taconic Parkway at least one or two times per year in 2003 and 2004. Id. at 98:18 - 99:9, 27:4-10, 31:15-20.

Plaintiff drove approximately ninety miles on the Taconic Parkway without incident or difficulty and without stopping for coffee or rest or to seek lodging. Id. at 103:4-7, 101:8-14, 109:19 - 110:10. As he approached the exit ramp for the Town of Taghkanic, Plaintiff decided to exit the Parkway to get gas for his truck. After about 100 yards on the exit ramp, Plaintiff reached a slippery part of the road, lost control of the car and skidded off the exit ramp, ultimately hitting a tree. Id. at 113:21-23, 115:5-10, 114:1-9. Plaintiff admitted that he was driving at 65 miles per hour immediately before he attempted to exit the Parkway, or 10 miles over the speed limit. Id. at 112:4-8, Marangas Aff. Exh. D at 14:14-17 (Dkt. No. 27 Attach 8). The New York state trooper who responded to the scene found that the roadway conditions were wet and glistening and that Plaintiff was traveling at an unsafe speed for these road conditions. Marangas Aff. Exh. D at 26:11-18, 30:6-18, (Dkt. No. 27 Attach 8).

Plaintiff seeks damages from Defendants for personal injuries sustained in the collision on

the theory of negligence.  Complaint at ¶¶ 22-25 (Dkt. No. 1 Attach. 2).  Defendants' motion for partial summary judgment seeks to dismiss the negligence claim.

## II.  DISCUSSION

**A.  Standard**

A motion for summary judgment is granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir.1995).  The moving party must demonstrate the absence of any material factual issue genuinely in dispute.  Lipton, 71 F.3d at 469.  The court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006).  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" contained in the pleadings. Fed.R.Civ.P. 56(e); accord Sista, 445 F.3d at 169.   That is, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."   Matsushita, 475 U.S. at 586.  Only disputes over material facts--facts that might affect the outcome of the suit under the governing law--will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When a non-moving party fails to oppose a motion for summary judgment, a court

> may not grant the motion without first examining the moving party's
> submission to determine if it has met its burden of demonstrating that
> no material issue of fact remains for trial. If the evidence submitted in
> support of the summary judgment motion does not meet the movant's
> burden of production, then summary judgment must be denied even if

>no opposing evidentiary matter is presented.

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (citation omitted).

**B. Proximate Cause**

**1. Legal Standard**

A federal district court sitting in diversity applies state substantive law. Gasperni v. Center for Humanities, Inc., 518 U.S. 415, 416 (1996). Under New York state law, actionable negligence requires injury to the person or property as the proximate result of the allegedly negligent act. Greco v. National Transportation Co., 15 A.D.2d 462, 222 N.Y.S.2d 145 (1st Dep't 1961). A party cannot be found liable unless the alleged negligence was a proximate cause of the accident. Applebee v. State of New York, 308 N.Y. 502, 127 N.E.2d 289 (1955). Courts generally have found that the issue of whether a defendant's conduct was a proximate cause in bringing about the plaintiff's injuries is a question for the jury; however, "where only one conclusion may be drawn from the established facts . . . the question of legal cause may be decided as a matter of law." Leiching v. Consolidated Rail Corp., 901 F. Supp. 95, 98 (N.D.N.Y. 1995) (quoting Culkin v. Parks and Recreation Dep't., 168 A.D.2d 912, 565 N.Y.S.2d 655, 656 (4th Dep't. 1990)). Thus, where the cause of an accident is undisputed, the question of whether an act or omission of the defendant proximately caused it may be decided by the court as a matter of law. Caserta v. Pennisi, 33 A.D.2d 564, 564, 305 N.Y.S.2d 351 (2d Dep't 1969), *order aff'd on other grounds*, 30 N.Y.2d 682 (1972). The mere fact that a condition allegedly created by the defendant furnished the occasion for the

plaintiff's injury is not sufficient to create a factual issue as to proximate cause. Stone v. Williams, 64 N.Y.2d 639, 485 N.Y.S.2d 42, 474 N.E.2d 250 (1984) (holding in a car accident that the failure of the other car's accelerator pedal to function properly so attenuated the service station owners' negligence, if any, from the ultimate injury that responsibility for the injury may not be attributed to them), Comolli v. 81 and 13 Cortland Associates L.P., 285 A.D.2d 863, 727 N.Y.S.2d 795 (3d Dep't 2001) (affirming grant of summary judgment against victims of a collision occurring at a strip mall where the driver losing control of his vehicle was an unforeseeable event, and the design of the parking lot or access road merely furnished the condition or occasion for the occurrence of the event).

When a defendant's action merely furnished the condition or occasion upon which plaintiff's injuries were received but did not put in motion the agency by which the injuries were inflicted, no liability will attach. Ventricelli v. Kinney System Rent A Car, Inc., 45 N.Y.2d 950, 411 N.Y.S.2d 555 (1978). Courts have thus declined to impose liability where "[i]n essence, the accident happened as a result of the driver's failure to control his vehicle" and the defendants' alleged negligence " merely furnished the condition or occasion for the occurrence of the event rather than one of its causes." Margolin v. Friedman, 43 N.Y.2d 982, 983, 375 N.E.2d 734, 735 (1978) (internal citations omitted).

### 2. Application

In this case, the undisputed facts indicate that Plaintiff lost control of his car after hitting a slick spot on the exit ramp from the Taconic Parkway. Immediately before attempting to exit the Parkway, Plaintiff admitted he had been traveling at 65 miles per hour, or 10 miles over the speed limit, and the New York State Trooper who responded to the scene found that Plaintiff was traveling

at an unsafe speed for the wet road conditions.  The accident occurred about 3 hours after Plaintiff left the hotel and after he had driven over 90 miles on the Taconic Parkway without incident, without difficulty, and without deciding to stop to rest or buy food or coffee.  Although it is true that "but for" his eviction from the hotel, Plaintiff would not have been on the exit ramp that night, the eviction merely furnished the condition or occasion for the occurrence of the accident.  Defendants' eviction of Plaintiff cannot be considered to be the proximate cause of Plaintiff's tires losing grip with the road and his skidding off the exit ramp three hours later.  See Hersman v. Hadley, 235 A.D.2d 714, 651 N.Y.S.2d 754 (3d Dep't 1997) (granting summary judgment for defendant store because although "true that had the [defendant] store not opened for the limited purpose of selling memberships, [plaintiff] would have had no occasion to travel to the shopping center that day", that "this is precisely the type of 'but for' analysis that has been rejected as a basis for liability.") lv. denied 90 N.Y.2d 802, 660 N.Y.S.2d 712, 683 N.E.2d 335.

The Court notes that there are different factual situations where the Defendants could have been liable for injuries to Plaintiff under the heightened duty of care standard applied to innkeepers. Nevertheless, although it might have been unwise for the Marriott to kick a guest out into the streets of Manhattan just before midnight on New Year's eve, Plaintiff's injuries were caused by a slick spot on the exit ramp which he approached at an unsafe speed, and which caused him to lose control of his car.  Any alleged negligence by the Defendants was not a proximate cause of his injuries.

Accordingly, it is hereby

**ORDERED**, that the Motion for Partial Summary Judgment (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's second cause of action in the Complaint (Dkt. No. 1, Attach. 2) is **DISMISSED** with prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	April 16, 2008
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge